# Exhibit 3

BEFORE THE BOARD OF PHARMACY
OF THE STATE OF OREGON

| | |
|---|---|
| In the Matter of the Drug Outlet Registration of<br><br>ESI MAIL PHARMACY SERVICE, INC dba: EXPRESS SCRIPTS<br><br>Registrant | Case No. 2014-0259 and 2015-0091<br><br>NOTICE OF PROPOSED DISCIPLINARY ACTION; ANSWER REQUIRED |

Under the authority granted pursuant to ORS 689.135, 689.145, 689.335, 689.405 and 689.445, the Oregon Board of Pharmacy proposes to take disciplinary action against your Certificate of Registration No. RP-0001199 and No. RP-0002073 because Express Scripts violated the Oregon Pharmacy Act and the Board of Pharmacy rules as set forth below:

Registrant did not require a pharmacist to perform a drug utilization review prior to dispensing prescriptions and a pharmacist did not perform a drug utilization review prior to prescriptions being dispensed.

Registrant did not require a pharmacist to verify the accuracy of each completed prescription before the prescription was delivered to a patient and dispensed prescriptions without a pharmacist verification of the prescription's accuracy.

Registrant dispensed prescriptions to patients that patient requested registrant to not dispense. Registrant refilled prescriptions out of context with the medication dosage schedule without prescriber authorization. Registrant refilled medication at 47 to 72 days after the last 90 day supply had been filled.

A patient requested several times to be removed from registrant's automatic refill program but this did not prevent the patient from receiving one of their prescriptions. A patient made several attempts to cancel orders but was rejected.

Registrant supplied patient with inaccurate and misleading information. Registrant indicated on 6/16/2014 that patient should have 4 days of verapamil remaining when he had 61 days. Registrant incorrectly indicated on 7/2/2014 that patient was out of verapamil. Patient received approximately a 2 year supply of his verapamil prescription over 14 months.

A patient's practitioner almost released a patient from their care due to registrant requesting a new prescription and concern that the patient was incorrectly taking her medication when the patient did not need or request additional medication.

A patient requested that his credit card not be kept on file and had to call 4 times to have it removed. Registrant used patient's credit card without authorization.

Registrant provided the Board with conflicting information. Initially, registrant reported that

a pharmacist is able to review both the patients home delivery medication profile and any prescriptions filled at a retail location, to ensure a holistic view of supply, interactions, and possible safety view. Later, registrant stated that if a prescription is sent to refill and the system doesn't present any alert then the prescription would go straight to dispensing. A pharmacist would not be able to review all of the patients profile as mentioned above.

The above conduct is unprofessional conduct as defined by OAR 855-006-0005(28)(a)(A), (f), (j), and (k) and in violation of and grounds for discipline under OAR 855-041-1010(2), OAR 855-041-1105(1), OAR 855-041-1125(3), OAR 855-041-1040(2) and (3), OAR 855-019-0200(1), (2), (3), OAR 855-019-0220(3), OAR 855-001-0035, and ORS 689.405(1)(a) and (e)(B).

Based on these alleged violations, the Board proposes to revoke your registrations and impose a $10,000 civil penalty per violation.

## HEARING RIGHTS

The corporation is entitled to a hearing as provided by the Administrative Procedures Act (ORS chapter 183). An attorney must represent the corporation. If the corporation wishes to have a hearing, the corporation's attorney must file a written request for hearing with the Board within 21 days from the date this notice was mailed. The corporation's attorney may send or deliver a request for hearing to:

Oregon Board of Pharmacy
800 NE Oregon Street, Suite 150
Portland, OR 97232
Fax: (971) 673-0002

If a request for hearing is not received within this 21-day period, the corporation's right to a hearing shall be considered waived.

If the corporation requests a hearing, the corporation's attorney will be notified of the time and place of the hearing. Before the commencement of the hearing, the corporation will be given information on the procedures, right of representation and other rights of parties relating to the conduct of the hearing.

If the corporation does not request a hearing within 21 days, or if it withdraws a hearing request, notifies the Board or Administrative Law Judge that it will not appear, or fails to appear at a scheduled hearing, the Board may issue a final order by default imposing discipline. If the Board issues a final order by default, it designates its file on this matter as the record.

## ANSWER REQUIRED

Pursuant to OAR 855-001-0010 and OAR 855-001-0015, if you request a hearing you must also provide, within 21 days from the date this contested case notice was served, a written answer to the allegations set forth in this contested case notice. Your written answer must include an admission or denial of each factual matter alleged in the notice and a short and plain statement of each relevant affirmative defense you may have. Except for good cause, factual matters alleged in

the notice and not denied in the answer shall be presumed admitted; failure to raise a particular defense in the answer will be considered a waiver of such defense; new matters alleged in the answer (affirmative defenses) shall be presumed to be denied by the agency; and evidence shall not be taken on any issue not raised in the notice and the answer.

**Hearing Request and Answers:**
**Consequences of Failure to Answer**
**855-001-0015**

(1) A hearing request, and answer when required, shall be made in writing to the Board by the party or his attorney and an answer shall include the following:

(a) An admission or denial of each factual matter alleged in the notice;

(b) A short and plain statement of each relevant affirmative defense the party may have.

(2) Except for good cause;

(a) Factual matters alleged in the notice and not denied in the answer shall be presumed admitted;

(b) Failure to raise a particular defense in the answer will be considered a waiver of such defense;

(c) New matters alleged in the answer (affirmative defenses) shall be presumed to be denied by the agency; and

(d) Evidence shall not be taken on any issue not raised in the notice and the answer.

BOARD OF PHARMACY
FOR THE STATE OF OREGON

_______________________________ 3/23/15
Gary Miner, R.Ph., Date
Compliance Director

DATE OF MAILING 3/23/2015