# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. 3729, LLC,<br><br>　　　　　　Plaintiff and Relator,<br><br>v.<br><br>EXPRESS SCRIPTS HOLDING COMPANY and EXPRESS SCRIPTS, INC.;<br><br>　　　　　　Defendants. | Case No.: 19-CV-1199 TWR (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>(ECF Nos. 56, 59) |

Presently before the Court is Defendants Express Scripts Holding Company and Express Scripts, Inc.'s Motion to File Document Under Seal in Support of Their Motion to Dismiss ("Mot. to Seal," ECF No. 56). It is unclear whether Defendants met and conferred with Plaintiff-Relator 3729, LLC as required under Section III.A.1 of the undersigned's Standing Order for Civil Cases or whether Relator opposes the Motion to Seal. In the future, the Court may summarily deny a motion that fails to comply with these requirements.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one

'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal a judicial record bears the burden of overcoming this strong presumption.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).  Where the underlying motion is more than tangentially related to the merits of the case, the stringent "compelling reasons" standard applies.  *Id.* at 1096–98.  Where the underlying motion does not surpass the tangential relevance threshold, the less exacting "good cause" standard applies. *Id.*  The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599.

As Defendants acknowledge, (*see* Mot. to Seal at 1), the more stringent "compelling reasons" standard applies where the underlying motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See, e.g.*, *Black v. City of Blythe*, 562 F. Supp. 3d 820, 828 (C.D. Cal. 2022) (applying "compelling reasons" standard to document sought to be sealed in support of Rule 12(b)(6) motion).  Here, Defendants seek to file under seal Exhibit F in support of their Motion to Dismiss, which is "an email exchange between [Express Scripts, Inc.] and the Defense Health Agency ("DHA"), which is a component of the Department of Defense ("DoD"), regarding a new article's coverage of the DoD Inspector General's 2013 audit and report of the TRICARE pharmacy program." (*See* Mot. to Seal at 1; *see also generally* ECF No. 57 (lodged proposed sealed document).)   According to Defendants, compelling reasons exist to file this document under seal because "[p]ublic disclosure of this document would reveal details regarding the business operations of the government and its administration of its contract with ESI." (*See* Mot. to Seal at 1 (citing *Doe v. Camp Pendleton & Quantico Housing LLC*, No. 20-cv-224-GPC-AHG, 2020 WL 1890576, at *3 n.1 (S.D. Cal. Apr. 16, 2020)).)  "Furthermore, the email contains non-final

deliberative material and discussions that would chill DHA's decision-making processes if made public[ a]nd . . . personal identifying information for DHA employees. (*See id.* at 1–2 (citing *Nightingale v. U.S. Citizenship & Immigration Servs.*, 507 F. Supp. 3d 1193, 1212-13 (N.D. Cal. 2020)).

The Court agrees that compelling reasons exist to file under seal Exhibit F to Defendants' Motion to Dismiss. Accordingly, the Court **GRANTS** Defendants' Motion to Seal and **ORDERS** the Clerk of the Court to file under seal Exhibit F, which was lodged conditionally under seal at ECF No. 59.

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
Honorable Todd W. Robinson
United States District Judge