**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Eric W. Sitarchuk, PA Bar No. 39082 (*pro hac vice*)
eric.sitarchuk@morganlewis.com
Ryan P. McCarthy, PA Bar No. 206961 (*pro hac vice*)
ryan.mccarthy@morganlewis.com
Jaclyn U. Whittaker, PA Bar No. 316282 (*pro hac vice*)
jaclyn.whittaker@morganlewis.com
1701 Market St.
Philadelphia, PA 19103-2921
Tel: +1.215.963.5000
Fax: +1.215.963.5001

Attorneys for Defendants
Express Scripts Holding Co. and
Express Scripts, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* 3729 LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPRESS SCRIPTS HOLDING CO. and EXPRESS SCRIPTS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01199-TWR-WVG<br><br>**DEFENDANTS EXPRESS SCRIPTS HOLDING CO. AND EXPRESS SCRIPTS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**<br><br>*Filed concurrently with Defendants' Request for Incorporation by Reference*<br><br>Jury Trial Demanded<br><br>Hon. Todd W. Robinson<br>Courtroom 3A<br>Hearing Date: Mar. 2, 2023, 1:30 PM |

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1

ARGUMENT .......................................................................................................... 1

I.    The FCA's Public Disclosure Bar Forecloses 3729 LLC's Complaint .......... 1

    A.    The *Army Times* and Federal Register Disclosed Substantially the Same Allegations as 3729 LLC's Complaint ................. 2

    B.    3729 LLC Does Not Qualify as an Original Source ............................. 5

II.    The Complaint Fails to State a Claim ............................................................ 7

    A.    Failure to Allege Fraud or Falsity .......................................................... 7

    B.    Failure to Allege Materiality .................................................................. 9

    C.    Failure to Allege Scienter ..................................................................... 10

CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Gen. Life Ins. Co. v. Darbinyan*,
   2022 WL 1134722 (C.D. Cal. Mar. 30, 2022) ........................................................ 6

*Amphastar Pharms. Inc v. Aventis Pharma SA*,
   856 F.3d 696 (9th Cir. 2017) ............................................................................. 3, 4

*Gharibian ex rel. United States v. Valley Campus Pharm., Inc.*,
   2023 WL 195514 (9th Cir. Jan. 17, 2023) ........................................................... 10

*Gonzalez v. Planned Parenthood of L.A.*,
   759 F.3d 1112 (9th Cir. 2014) ............................................................................ 10

*Kellogg Brown & Root Servs., Inc. v. United States*,
   728 F.3d 1348 (Fed. Cir. 2013) ............................................................................ 9

*Mark ex rel. United States v. Shamir USA, Inc.*,
   2022 WL 327475 (9th Cir. Feb. 3, 2022) .............................................................. 3

*Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*,
   276 F.3d 1032 (8th Cir. 2002) .............................................................................. 6

*United States v. McKesson Corp.*,
   2020 WL 4805034 (N.D. Cal. Aug. 18, 2020) ...................................................... 8

*United States v. N. Am. Health Care, Inc.*,
   173 F. Supp. 3d 943 (N.D. Cal. 2016) .................................................................. 2

*United States ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, Inc.*,
   551 F. Supp. 3d 27 (E.D.N.Y. 2021), *aff'd*, 2022 WL 17818587 (2d Cir.
   Dec. 20, 2022) .................................................................................................. 6, 7

*United States ex rel. Doe v. Janssen Pharm. N.V.*,
   2018 WL 5276291 (C.D. Cal. Apr. 19, 2018) ....................................................... 6

*United States ex rel. Hastings v. Wells Fargo Bank, Nat'l Ass'n, Inc.*,
   2014 WL 3519129 (C.D. Cal. July 15, 2014), *aff'd*, 656 F. App'x
   328 (9th Cir. 2016) ............................................................................................... 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

*United States ex rel. Jacobs v. JP Morgan Chase Bank, N.A.*,
  2022 WL 573663 (S.D. Fla. Feb. 25, 2022) ...................................................................... 7

*United States ex rel. Jahr v. Tetra Tech EC, Inc.*,
  2022 WL 2317268 (N.D. Cal. June 28, 2022) ................................................................. 5

*United States ex rel. King v. Solvay S.A.*,
  2015 WL 925612 (S.D. Tex. Mar. 3, 2015) ..................................................................... 3

*United States ex rel. Mateski v. Raytheon Co.*,
  816 F.3d 565 (9th Cir. 2016) ............................................................................................ 4

*United States ex rel. McGrath v. Microsemi Corp.*,
  690 F. App'x 551 (9th Cir. 2017) ................................................................................... 10

*United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
  812 F.3d 294 (3d Cir. 2016) ............................................................................................ 5

*United States ex rel. Osheroff v. Humana, Inc.*,
  776 F.3d 805 (11th Cir. 2015) ......................................................................................... 3

*United States ex rel. Rahimi v. Rite Aid Corp.*,
  3 F.4th 813 (6th Cir. 2021) .............................................................................................. 3

*United States ex rel. Schutte v. SuperValu Inc.*,
  9 F.4th 455 (7th Cir. 2021) ............................................................................................ 10

*United States ex rel. Solis v. Millennium Pharms., Inc.*,
  885 F.3d 623 (9th Cir. 2018) .................................................................................. 2, 3, 4

*United States ex rel. Springfield Terminal Ry. Co. v. Quinn*,
  14 F.3d 645 (D.C. Cir. 1994) ........................................................................................... 5

*United States ex rel. STF, LLC v. Vibrant Am., LLC*,
  2020 WL 4818706 (N.D. Cal. Aug. 19, 2020) ............................................................ 5, 6

*United States ex rel. Winkelman v. CVS Caremark Corp.*,
  827 F.3d 201 (1st Cir. 2016) ........................................................................................... 7

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
  579 U.S. 176 (2016) ................................................................................................... 9, 10

*Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr.*,
  953 F.3d 1108 (9th Cir. 2020) ......................................................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

3:19-cv-01199-TWR-WVG

**Statutes**

31 U.S.C. § 3730(e)(4)(A) ................................................................................................ 2

# INTRODUCTION

3729 LLC's[1] Response in Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp.") misses the mark in every respect. 3729 LLC misapplies binding and longstanding precedent when it argues that the public disclosures do not trigger the statutory bar because the Complaint is more detailed. To trigger the bar, a disclosure need only be "substantially similar." The public disclosures here easily meet that test. Further, 3729 LLC is not an original source for the independent reasons that: (1) as an LLC formed to bring this case, it cannot qualify as an original source; and (2) its allegations did not materially add to the prior disclosures.

The Opposition likewise does not rebut that the Complaint fails to state a claim with respect to the essential elements of legal falsity, materiality and scienter. Pleading legal falsity requires an objective benchmark against which to measure allegedly violative conduct. No such standard has been pled here. 3729 LLC also fails to allege any facts showing that the government would not have continued to pay ESI had it known the relevant facts—because the government did continue to pay despite knowing the relevant facts. And, finally, 3729 LLC fails to show how ESI's alleged interpretation of its contractual and legal obligations was unreasonable. Because no amendment can cure these deficiencies, the Court should dismiss the Complaint with prejudice.[2]

# ARGUMENT

## I. The FCA's Public Disclosure Bar Forecloses 3729 LLC's Complaint

Binding precedent is clear. The public disclosure bar applies where

---

[1] Defendants use the same defined terms as in their Memorandum of Points and Authorities in Support of their Motion to Dismiss ("Mem.") (ECF No. 55-1). All citations and internal quotation marks are omitted unless otherwise indicated.

[2] At the government's request, Defendants clarify they are seeking dismissal with prejudice as to 3729 LLC and dismissal without prejudice as to the United States.

"substantially the same allegations or transactions as alleged in the action" have been publicly disclosed.  31 U.S.C. § 3730(e)(4)(A); *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 626 (9th Cir. 2018).  The bar does not require the disclosure to be identical to a relator's allegations, much less contain the exact details alleged in the complaint. *Millennium Pharms.*, 885 F.3d at 626.  Rather, the inquiry is whether the "disclosure put the government 'on notice to investigate the fraud before the relator filed his complaint.'" *Id.*; *United States v. N. Am. Health Care, Inc.*, 173 F. Supp. 3d 943, 949 (N.D. Cal. 2016).  The *Army Times* article in combination with comments in the Federal Register amply satisfy this standard.[3]

### A.  The *Army Times* and Federal Register Disclosed Substantially the Same Allegations as 3729 LLC's Complaint

The *Army Times* article and the Federal Register trigger the bar because they contain the same transactions that 3729 LLC's Complaint claims are the essential elements of its alleged fraud.  3729 LLC's fraud claim boils down to the allegation that ESI shipped 90-day supplies of medication every 60 days, causing beneficiaries to receive an excessive amount of medication over the course of a year. *E.g.*, Compl. ¶¶ 3, 37-40.

The *Army Times* disclosed and criticized that exact same refill cadence in its article. Mem. at 6.  That is not only substantially similar, but also the very same core transaction that 3729 LLC claims constitutes fraud.  The Federal Register underscored the significance of the *Army Times*' disclosures in the Register's publication of industry comments to DoD that ESI's automatic shipments of 90-day supplies of medication caused beneficiaries to receive excessive refills, leading to

---

[3] 3729 LLC does not dispute that the *Army Times* article and the Federal Register are qualifying sources of public disclosures.  *See* 31 U.S.C. § 3730(e)(4)(A).

waste. *Id.* at 8-10.[4]

3729 LLC contends that these disclosures do not describe ESI's practices on a sufficiently sweeping scale or in sufficiently exacting detail, and do not report that ESI "covered up" its conduct. But the law does not require anything close to the level of detail or scope that 3729 LLC demands. To the contrary, a publication need not "contain every specific detail to constitute a disclosure." *Amphastar Pharms. Inc v. Aventis Pharma SA*, 856 F.3d 696, 704 (9th Cir. 2017); *see United States ex rel. King v. Solvay S.A.*, 2015 WL 925612, at *8 (S.D. Tex. Mar. 3, 2015) (disclosure need "not perfectly mirror everything alleged in the original complaint" or "connect all the dots or reach legal conclusions, it just has to set the government on the trail of fraud"). Only a "critical mass of the underlying facts or of the allegations" must be disclosed. *Amphastar Pharms.*, 856 F.3d at 703; *accord United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 814 (11th Cir. 2015) (bar applied where complaint's "essential allegation" was publicly disclosed). Core factual overlap is all the bar requires. *Millennium Pharms.*, 885 F.3d at 626-27 ("differences in [] focus and framing" do not change that the "degree of overlap is sufficient to show substantial similarity"); *United States ex rel. Rahimi v. Rite Aid Corp.*, 3 F.4th 813, 826 (6th Cir. 2021) ("a single news article about a single investigation" triggered the bar because complaint related to "same scheme by the same corporate actor").

3729 LLC argues that the article is nothing but a report of "several complaints about the quality of ESI's mail-order customer service," and a "single instance" of over-dispensing. Opp. at 6. That is not accurate. The article critiques ESI's filling practices in broad, systemic terms. It starts off by discussing the DoD IG audit

---

[4] 3729 LLC's reliance on *Shamir* is misplaced. There, the Ninth Circuit held that a defendant's promotional materials (unsurprisingly) did not disclose the fraud it purportedly committed. *See Mark ex rel. United States v. Shamir USA, Inc.*, 2022 WL 327475, at *1 (9th Cir. Feb. 3, 2022).

concerning the program as a whole—not just an isolated patient complaint—and includes claims that a "tremendous amount" of retirees were impacted by ESI's conduct; that ESI was making "a fortune"; and that the National Community Pharmacy Association, along with more "beneficiaries with up to a year's worth of drugs piled in medicine cabinets," were backing further investigation. And, it is within this context that the article explicitly discusses the very basis of the Complaint's allegations of fraud: "They ship 90-day supplies after 60 days." Mem. Ex. D.[5]

3729 LLC's invocation of *Mateski*'s X+Y=Z formula only serves to support the sufficiency of the disclosure. The *Army Times* and the Federal Register ***do*** reveal the "X" and "Y"—namely, that ESI allegedly dispensed 90 days of medication every 60 days pursuant to its mail order, auto-refill policies, which together allow the government to infer "Z," the fraud of purported over-dispensing. That is the same false claim 3729 LLC alleges.[6] Thus, the public disclosures contain more than the information needed to alert the government to a potential fraud and prompt investigation, which is all that is required to trigger the bar. *United States ex rel. Hastings v. Wells Fargo Bank, Nat'l Ass'n, Inc.*, 2014 WL 3519129, at *9 (C.D. Cal.

---

[5] In any event, that ESI's purported scheme was allegedly occurring on a widespread scale "is an obvious inference based on the publicly disclosed allegations" and does not preclude application of the bar. *Amphastar Pharms.*, 856 F.3d at 704.

[6] This is not a public disclosure revealing only general deficiencies in contract performance. *See* Opp. at 11 (citing *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 577 (9th Cir. 2016)). The "generalized fraud" in *Mateski* amounted to reports of "general problems," which lacked "specific examples or the level of detail offered by" relator. 816 F.3d at 578. Here, however, the *Army Times* and the Federal Register identify "the same actor[]" and "the same conduct" as the Complaint, and provide specific examples. *Millennium Pharms.*, 885 F.3d at 626.

July 15, 2014) (bar applies "so long as the disclosure contains sufficient information to enable the government to investigate the alleged fraud"), *aff'd*, 656 F. App'x 328 (9th Cir. 2016).  As a result, the bar applies.[7]

### B.   3729 LLC Does Not Qualify as an Original Source

There are two independent reasons why 3729 LLC is not an independent source, either one of which confirms the applicability of the public disclosure bar. The first reason is that 3729 LLC was formed solely for the purposes of this litigation. The second is its allegations do not materially add to the public disclosures.

3729 LLC's opposition addresses a straw man argument that ESI did not make. Opp. at 13-15.  ESI did not argue that entities can never be original sources.  ESI's argument is that an entity formed solely for the purpose of bringing a *qui tam* lawsuit cannot be an "original source."  3729 LLC is a fiction created to bring a lawsuit, nothing more and, as such, is not an original source.

In the face of ESI's ample authority in support of that proposition (*see* Mem. at 10-12), 3729 LLC has cited no authority to the contrary.[8]  A fictional entity created

---

[7] *United States ex rel. Jahr v. Tetra Tech EC, Inc.*, provides no support for 3729 LLC's argument.  There, the court ruled that the bar applied because, as here, the disclosures revealed allegations similar to those in the complaint. 2022 WL 2317268, at *9-10 (N.D. Cal. June 28, 2022).

[8] The cases cited by 3729 LLC are easily distinguishable.  In *Moore* and *Quinn* (Opp. at 13), the corporate relators were not formed to bring the FCA actions but instead discovered the alleged fraud giving rise to their FCA claims in the course of their affairs. *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 296 (3d Cir. 2016) (law firm "learned of this alleged fraud through discovery in a wrongful death action that it litigated"); *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 656 (D.C. Cir. 1994) (corporation obtained information during litigation).  Likewise, in *STF*, the court

to bring a lawsuit is exactly what the court faced in *United States ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, Inc.*, 551 F. Supp. 3d 27 (E.D.N.Y. 2021), *aff'd*, 2022 WL 17818587 (2d Cir. Dec. 20, 2022). There, the court held that an entity created for litigation was not an original source even where information came from a purported insider account of alleged fraud. Further, contrary to 3729 LLC's claim, the court analyzed the meaning of original source under **both the pre- and post-2010 amendment** versions of the statute. *Id.* at 34 n.2.

Even if one of 3729 LLC's members had independent knowledge, that would not render 3729 LLC an original source. *See id.* LLCs and their members are "not one in the same," and cannot be treated interchangeably under the FCA. *United States ex rel. Doe v. Janssen Pharm. N.V.*, 2018 WL 5276291, at *3 (C.D. Cal. Apr. 19, 2018); *see also Am. Gen. Life Ins. Co. v. Darbinyan,* 2022 WL 1134722, at *8 (C.D. Cal. Mar. 30, 2022) ("[W]here an agent does not acquire [knowledge] while acting within the scope of his authority, the knowledge is no more to be imputed to the principal than to an utter stranger."). Here, the LLC was not formed until weeks before this litigation was filed, so no member's knowledge of events occurring years prior is properly attributable to 3729 LLC.

3729 LLC does not qualify as an original source for the additional reason that its allegations do not materially add to the public disclosures. The *Army Times* article and the Federal Register commentary discussed shipping 90 days' worth of focused on the defendant LLC's knowledge related to the legality of its own conduct. *United States ex rel. STF, LLC v. Vibrant Am., LLC*, 2020 WL 4818706, at *19 (N.D. Cal. Aug. 19, 2020). Finally, *Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1049 (8th Cir. 2002) actually supports ESI's position. There, the relator was an **unincorporated association**, and had "no legal status separate from its members." *Id.* The Eighth Circuit distinguished cases where "a corporate plaintiff that did not exist at the time the information was discovered." *Id.*

medication every 60 days, resulting in excessive dispensing charged to the government. This is precisely the conduct that 3729 LLC claims is fraud and on which its claims are premised. And, these disclosures weren't just public; the government actually read and reviewed them. ESI sent the *Army Times* article to DHA at the agency's request and the Federal Register states that the DoD received, read, and considered the relevant comments. Mem. 8-10 & Ex. F. Thus, the Complaint did not materially add to what the government already knew.

       3729 LLC argues that its allegation regarding "how ESI coded its software" materially adds to the disclosures. It does not. When a relator "add[s] detail about the precise manner in which" a defendant "operated [its] program," it "merely adds detail or color to previously disclosed elements of an alleged scheme," which falls short of "materially adding to the public disclosures." *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 213 (1st Cir. 2016); *CKD Project*, 2022 WL 17818587, at *4 (relator was not original source where allegations merely included specific details regarding disclosed information). 3729 LLC also claims that it revealed a purported cover-up which also somehow materially adds to the public disclosures. Not so. Any allegations regarding ESI's "efforts to cover up the alleged fraud scheme . . . do not materially add to the core fraud allegations themselves, which already were publicly disclosed." *United States ex rel. Jacobs v. JP Morgan Chase Bank, N.A.*, 2022 WL 573663, at *7 (S.D. Fla. Feb. 25, 2022).

       The public disclosure bar therefore applies and requires dismissal with prejudice.

## II.   <u>The Complaint Fails to State a Claim</u>

       3729 LLC's Complaint fails to state a claim for three independent reasons.

###     A.     **Failure to Allege Fraud or Falsity**

       3729 LLC provides no defined benchmarks that ESI allegedly violated. Instead, it mischaracterizes authority to disclaim the need to provide such benchmarks, and seeks to fill the absence of objective standards with hyperbole and

subjectivity—such as that ESI's practices were "flagrant," and "shock[] the conscience." That is not sufficient to make out a claim of falsity.

      3729 LLC relies on *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr.*, for support. 953 F.3d 1108 (9th Cir. 2020). However, that case supports ESI's position, not 3729 LLC's. In *Winter*, the relator alleged that defendant hospital admitted patients in violation of a statute requiring medical services to be "medically necessary." However, medical necessity is a well-recognized and oft-used term of art that easily provides the requisite objective standards. Medicare guidance defined "medically necessary" services as those meeting "accepted standards of medicine." *Id.* at 1113. The court held that a physician's subjective judgment that "hospitalization was 'medically necessary' can be false or fraudulent" because it could be proven that it was not "in accordance with accepted standards of medical practice." *Id.* at 1119. But, accepted standards of medical practice are the very type of defined objective standards missing here. *See United States v. McKesson Corp.*, 2020 WL 4805034, at *5 (N.D. Cal. Aug. 18, 2020) (dismissing complaint because standards did not impose objective requirements).[9] 3729 LLC attempts to argue that ESI's authorities on this point are distinguishable because relators in those cases "did not allege a violation of the cited mandate," or alternatively, that this issue cannot be resolved on a motion to dismiss. Not so.[10] Each was dismissed because relators either failed to allege a relevant standard, or if they could point to a standard, failed

---

[9] 3729 LLC claims that *McKesson* was decided before *Winter*. Opp. at 20-21. *Winter*, issued in March 2020, preceded *McKesson* by five months.

[10] 3729 LLC argues doctors' orders provided pharmacists with sufficient information to calculate refill dates. That is irrelevant to whether ESI's alleged dispensing practices violated a contractual provision or regulation.

to establish violations of it.[11]

### B. Failure to Allege Materiality

3729 LLC does not dispute that the government reviewed the *Army Times* article; considered comments in the Federal Register; received claims data setting forth the dates, quantities, and days' supply dispensed; conducted multiple audits; and investigated 3729 LLC's Complaint, yet continued to pay ESI for administering TMOP. This is "strong evidence" that ESI's conduct does not meet the FCA's "demanding" materiality requirement. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194-95 & n.6 (2016). 3729 LLC's contention that the government would not have paid ESI had it known of ESI's alleged conduct relies on its flawed argument that the *Army Times* article and Federal Register did not provide the requisite knowledge of ESI's dispensing practices. This is wrong. They set forth the same refill practices that 3729 LLC complains about here.

Furthermore, under TPharm4, ESI submitted monthly reports to the government regarding prescriptions filled by beneficiaries, including date filled, quantity, and days' supply dispensed for individual claims. Ex. A at 5, 8 §§ C.11.5.1.2; CDRL M120. ESI also transmitted all claim information to a government database and provided the government with access to ESI's own database that included "all claim information." *Id.* at 2-3, 5-7, §§ C1.5; C.12.2; C12.4.1. Thus, the government had all the data it needed to determine whether and to what degree it was billed for extra medication. 3729 LLC also argues that the government's inclusion of dispensing standards in the most recent contract, TPharm5, proves that the government would not have permitted dispensing greater quantities under prior

---

[11] 3729 LLC cites a discussion from *Kellogg Brown* that relates to contract valuation in connection with Contract Disputes Act claims and misleadingly says that it relates to the FCA. It does not. Further, the FCA portion of the ruling actually affirmed dismissal of the FCA claims. 728 F.3d 1348, 1357-67 (Fed. Cir. 2013).

contracts. But, the issue is what was material during the relevant period, and what defendant knew at the time to be material. *See generally Escobar*, 579 U.S. at 181; *Gharibian ex rel. United States v. Valley Campus Pharm., Inc.*, 2023 WL 195514, at *2 (9th Cir. Jan. 17, 2023). Further, the inclusion of dispensing standards in a later contract in no way undercuts the lack of materiality. On the contrary, it supports it. The government expressly allowing ESI to dispense well more than 365 days of medication in a one-year period, demonstrates that that such dispensing practices are neither excessive, nor a violation of applicable laws or regulations.

### C.  Failure to Allege Scienter

ESI's alleged refill practices were objectively reasonable. 3729 LLC therefore cannot establish scienter as a matter of law. *See United States ex rel. McGrath v. Microsemi Corp.*, 690 F. App'x 551, 552 (9th Cir. 2017) (no scienter where defendant had reasonable, good faith interpretation of statute); *United States ex rel. Schutte v. SuperValu Inc.*, 9 F.4th 455, 468 (7th Cir. 2021).[12]

3729 LLC attempts to warp ESI's argument that TPharm2 and TPharm4 "contained no specific requirements regarding refill scheduling and frequency" to mean that ESI believed it could "send unlimited refills." This is another straw man that does not reflect what 3729 LLC alleges in the Complaint. No one is arguing unlimited refills. And, in any event, that the government had full knowledge of ESI's practices both underscores the reasonableness of ESI's conduct and negates scienter as a matter of law. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (no scienter where government was aware of defendant's conduct).

### CONCLUSION

For the foregoing reasons, as well as those in Defendants' opening Memorandum, 3729 LLC's Complaint should be dismissed with prejudice.

---

[12] The Supreme Court recently granted certiorari in *SuperValu* to resolve whether a defendant knowingly violates the FCA if its conduct is "objectively reasonable."

Dated: February 10, 2023

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Joseph Duffy*

Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
Tel:   +1.213.612.7378
Fax:   +1.213.612.2501

Attorney for Defendants
Express Scripts Holding Co. and Express Scripts, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 10, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Joseph Duffy*
Joseph Duffy