**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Eric W. Sitarchuk, PA Bar No. 39082 (*pro hac vice*)
eric.sitarchuk@morganlewis.com
Ryan P. McCarthy, PA Bar No. 206961 (*pro hac vice*)
ryan.mccarthy@morganlewis.com
Jaclyn U. Whittaker, PA Bar No. 316282 (*pro hac vice*)
jaclyn.whittaker@morganlewis.com
1701 Market St.
Philadelphia, PA 19103-2921
Tel:   +1.215.963.5000
Fax:  +1.215.963.5001

Attorneys for Defendants
Express Scripts Holding Co. and
Express Scripts, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* 3729 LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPRESS SCRIPTS HOLDING CO. and EXPRESS SCRIPTS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01199-TWR-WVG<br><br>**DEFENDANTS EXPRESS SCRIPTS HOLDING CO. AND EXPRESS SCRIPTS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING THE PUBLIC DISCLOSURE BAR**<br><br>Jury Trial Demanded<br><br>Hon. Todd W. Robinson<br>Courtroom 3A<br>Hearing Date: Apr. 27, 2023, 1:30 PM |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................... 1

ARGUMENT ........................................................................................................... 1

    I.    Applicable Version of the Public Disclosure Bar ................................ 1

    II.    Analysis ............................................................................................... 2

        A.    "Based Upon" Means "Substantially the Same" ....................... 2

        B.    The *Army Times* Article and Federal Register Are Public Sources ....................................................................................... 3

        C.    3729 LLC is Not an Original Source Under Either Version of the Public Disclosure Bar ......................................... 4

            1.    3729 LLC is Not an Original Source Under the Current Version of the Bar Because Its Allegations Do Not Materially Add to the Public Disclosures ........... 5

            2.    3729 LLC is Not an Original Source Under the 1986 Bar Because It Lacks Direct Knowledge ................ 6

            3.    3729 LLC is Not an Original Source Under the 1986 or 2010 Bars Because It Was Formed for this Litigation ....................................................................... 7

CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrahim & Sons Enters. v. Equilon Enters., LLC*,
   292 F.3d 958 (9th Cir. 2002) ................................................................................. 8

*Am. Gen. Life Ins. Co. v. Darbinyan*,
   2022 WL 1134722 (C.D. Cal. Mar. 30, 2022) ....................................................... 8

*Amphastar Pharms. Inc. v. Aventis Pharma SA*,
   856 F.3d 696 (9th Cir. 2017) ......................................................................... 2, 3, 6

*Bloedow v. Planned Parenthood of the Great Nw. Inc.*,
   2013 WL 6631771 (W.D. Wash. Dec. 16, 2013), *aff'd sub nom.
   United States ex rel. Bloedow v. Planned Parenthood of the Great
   Nw. Inc.*, 654 F. App'x 335 (9th Cir. 2016) ............................................................ 1

*Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel.
   Wilson*,
   559 U.S. 280 (2010) ............................................................................................... 4

*Silbersher v. Valeant Pharms. Int'l, Inc.*,
   445 F. Supp. 3d 393 (N.D. Cal. 2020) ............................................................... 2-3

*United States ex rel. CKD Project, LLC v. Fresenius Med. Care
   Holdings, Inc.*,
   2022 WL 17818587 (2d Cir. Dec. 20, 2022) ......................................................... 6

*United States ex rel. CKD Project, LLC v. Fresenius Med. Care
   Holdings, Inc.*,
   551 F. Supp. 3d 27 (E.D.N.Y. 2021), *aff'd*, 2022 WL 17818587 (2d
   Cir. Dec. 20, 2022) ................................................................................................ 7

*United States ex rel. Conrad v. Abbott Lab'ys, Inc.*,
   2013 WL 682740 (D. Mass. Feb. 25, 2013) .......................................................... 4

*United States ex rel. Devlin v. California*,
   84 F.3d 358 (9th Cir. 1996) ............................................................................... 6-7

*United States ex rel. Doe v. Janssen Pharm. N.V.*,
 2018 WL 5276291 (C.D. Cal. Apr. 19, 2018), *aff'd sub nom.*,
 *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharm.
 N.V.*, 945 F.3d 1237 (9th Cir. 2020) ................................................................. 7

*United States ex rel. Jamison v. McKesson Corp.*,
 2010 WL 1276712 (N.D. Miss. Mar. 25, 2010), *aff'd*, 649 F.3d 322
 (5th Cir. 2011) ................................................................................................... 4

*United States ex rel. Lujan v. Hughes Aircraft Co.*,
 243 F.3d 1181 (9th Cir. 2001) ........................................................................... 2

*United States ex rel. Osheroff v. Humana Inc.*,
 776 F.3d 805 (11th Cir. 2015) ....................................................................... 2, 3

*United States ex rel. Precision Co. v. Koch Indus., Inc.*,
 971 F.2d 548 (10th Cir. 1992) ........................................................................... 8

*United States ex rel. Silbersher v. Allergan, Inc.*,
 46 F.4th 991 (9th Cir. 2022) ......................................................................... 2, 4

*United States ex rel. Solis v. Millennium Pharms., Inc.*,
 885 F.3d 623 (9th Cir. 2018) ............................................................................. 3

*United States ex rel. Winkelman v. CVS Caremark Corp.*,
 827 F.3d 201 (1st Cir. 2016) ............................................................................. 6

**Statutes**

31 U.S.C. § 3730(e)(4)(A) (2006) ................................................................... 2, 3, 4

31 U.S.C. § 3730(e)(4)(A) (2010) ...................................................................... 2, 4

31 U.S.C. § 3730(e)(4)(A)(iii) (2010) ...................................................................... 4

31 U.S.C. § 3730(e)(4)(B) (2006) ....................................................................... 5, 6

31 U.S.C. § 3730(e)(4)(B) (2010) ....................................................................... 5, 6

Patient Protection and Affordable Care Act., Pub. L. No. 111-148,
 § 10104(j)(2), 124 Stat. 119 (2010) ................................................................... 1

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

iii

3:19-cv-01199-TWR-WVG

# INTRODUCTION

Congress amended the False Claims Act[1] through the Patient Protection and Affordable Care Act.  Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119 (2010) ("ACA").  The amendments went into effect on March 23, 2010 and included changes to the public disclosure bar.  The Court is to apply the version of the False Claims Act in effect at the time the allegedly fraudulent claim was submitted.  Thus, the pre-ACA amendment (1986) version of the public disclosure bar applies to claims submitted before March 23, 2010.  The post-amendment version (2010) applies to claims submitted on or after that date.  3729 LLC's claims fail as a matter of law under both versions of the bar.

# ARGUMENT

## I. Applicable Version of the Public Disclosure Bar

Courts apply the version of the FCA in effect at the time the claim at issue was submitted.  *See, e.g.*, *Bloedow v. Planned Parenthood of the Great Nw. Inc.*, 2013 WL 6631771, at *2 (W.D. Wash. Dec. 16, 2013) (noting "the statute in effect at the time of Defendant's alleged false claims" governs), *aff'd sub nom. United States ex rel. Bloedow v. Planned Parenthood of the Great Nw. Inc.*, 654 F. App'x 335 (9th Cir. 2016).  Thus, the 1986 version of the public disclosure bar applies to claims submitted before March 23, 2010, and the 2010 version applies to claims submitted on or after that date.  *Id.*

Here, 3729 LLC alleges that Defendants' conduct lasted "from at least October 2009 until early 2018," but does not specify when Defendants allegedly submitted any relevant claims.  Compl. ¶ 2.  The law cited in Defendants' briefing is applicable to all claims submitted on or after March 23, 2010.  For any claims submitted between

---

[1] Defendants use the same defined terms as in their Memorandum of Points and Authorities in Further Support of their Motion to Dismiss ("Reply") (ECF No. 67).  All citations and internal quotations marks are omitted unless otherwise indicated.

October 2009 and March 22, 2010, the prior version of the bar would apply.

## II. Analysis

The 2010 amendments made three relevant changes to the public disclosure bar.[2] Despite those changes, both versions of the bar compel the same result: dismissal of 3729 LLC's Complaint with prejudice.[3]

### A. "Based Upon" Means "Substantially the Same"

The 2010 amendments bar actions where "substantially the same allegations or transactions" have been publicly disclosed, whereas the 1986 statute bars actions that are "based upon" publicly disclosed allegations or transactions. 31 U.S.C. § 3730(e)(4)(A) (2010); 31 U.S.C. § 3730(e)(4)(A) (2006). This change is semantic, rather than substantive, and is therefore immaterial because the test under each version is substantively identical. Indeed, the Ninth Circuit interpreted the pre-2010 "based upon" language to mean "substantially the same." *See, e.g., Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 704 (9th Cir. 2017) (applying 1986 bar); *see also United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001) (affirming dismissal where allegations were "'substantially similar' to and 'based upon'" public disclosure). In other words, when Congress "deleted the 'based upon' language and replaced it with 'substantially the same,'" it "did not materially alter the elements required to meet the public disclosure bar." *United States ex rel. Silbersher v. Allergan, Inc.*, 46 F.4th 991, 996 n.5 (9th Cir. 2022); *see*

---

[2] The 2010 amendments also converted the bar from an attack on subject matter jurisdiction to a basis for dismissal. *See United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 810-11 (11th Cir. 2015). Because the outcome is the same regardless of how the motion is styled (dismissal), this change does not affect the analysis, so Defendants do not address it.

[3] Defendants seek dismissal with prejudice as to 3729 LLC and dismissal without prejudice as to the United States. *See* Reply at 1 n.2.

*also Silbersher v. Valeant Pharms. Int'l, Inc.*, 445 F. Supp. 3d 393, 404 (N.D. Cal. 2020) (noting "[t]he factors for determining when the bar applies also have not materially changed" as a result of the 2010 amendments).

As a result, under both versions of the bar, the Court must determine whether the Complaint is substantially similar to the publicly disclosed allegations. As described in Defendants' prior briefing (*see* Mem. at 5; Reply at 3-5), public disclosures and a complaint are substantially similar "when the prior public disclosure put the government on notice to investigate the fraud." *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 626 (9th Cir. 2018); *see also Amphastar Pharms.*, 856 F.3d at 703 (only a "critical mass of the underlying facts or of the allegations" must be disclosed). That is the case here. *See* Mem. at 5-10; Reply at 2-5. Accordingly, this change does not affect Defendants' arguments with regard to either pre- or post-ACA amendment claims.

### B. The *Army Times* Article and Federal Register Are Public Sources

The 2010 amendments' changes to what kinds of publications qualify as public sources triggering the bar are immaterial. The *Army Times* and Federal Register each qualify as sources of public disclosures under both versions of the statute.[4]

The 1986 bar applied to disclosures from a "criminal, civil, or administrative hearing, in a congressional, administrative, or [GAO] report, hearing, audit, or investigation, or from the news media." 31 U.S.C. § 3730(e)(4)(A) (2006). The 2010 bar applies if a public disclosure occurs: "(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a

---

[4] This Court may take judicial notice of, or incorporate by reference, the documents Defendants previously identified (*see* ECF Nos. 55-2 & 67-1) under either version of the bar. *Osheroff*, 776 F.3d at 811-12 (finding district court properly considered documents subject to judicial notice and incorporation by reference under both versions of bar).

congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media." 31 U.S.C. § 3730(e)(4)(A) (2010).

The *Army Times* article is a disclosure "from the news media," which qualifies as a public disclosure and triggers the bar under both the 1986 and 2010 versions. 31 U.S.C. § 3730(e)(4)(A) (2006) (pre-2010 bar applies to disclosures "from the news media"); 31 U.S.C. § 3730(e)(4)(A)(iii) (2010) (2010 bar applies to disclosures "from the news media").

The Federal Register similarly triggers the bar under both versions of the statute. The Federal Register qualifies under 1986 version because, as the report of a federal government agency, it is an administrative report. *See United States ex rel. Jamison v. McKesson Corp.*, 2010 WL 1276712, at *6-7 (N.D. Miss. Mar. 25, 2010) (finding Federal Register an administrative report under 1986 bar), *aff'd*, 649 F.3d 322 (5th Cir. 2011); *United States ex rel. Conrad v. Abbott Lab'ys, Inc.*, 2013 WL 682740, at *4 (D. Mass. Feb. 25, 2013) (noting parties did not dispute that Federal Register was an administrative report under 1986 bar); *see also Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 287-93 (2010) (explaining that, under 1986 version of the bar, "administrative" refers to "activities of governmental agencies" and concluding federal administrative reports trigger the bar). And, under the 2010 version, the Federal Register qualifies because it is a "Federal report." *See* Mem. at 8-10 (analyzing *Allergan*, 46 F.4th at 996-1000); Reply at 2 n.3 (noting 3729 LLC did not dispute the Federal Register was a "Federal report"). Consequently, the *Army Times* article and Federal Register both qualify as public sources under the 1986 and 2010 bars.

### C.  3729 LLC is Not an Original Source Under Either Version of the Public Disclosure Bar

The 2010 amendments changed the definition of original source in two ways relevant here: (1) by adding a new requirement that, to be an original source, the

Complaint's allegations must materially add to the public disclosure; and (2) by removing the requirement that the original source's independent knowledge be "direct." 31 U.S.C. § 3730(e)(4)(B) (2010).  Thus, under the current version of the statute, an original source is "an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based,[5] or [ii] who has knowledge that is independent of ***and materially adds to*** the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." *Id.* (emphasis added).  Under the 1986 version of the statute, there was no "materially adds" requirement.  31 U.S.C. § 3730(e)(4)(B) (2006).  Further, the ACA amendments removed the requirement that an original source needed to have knowledge that was not only independent of the public disclosure, but also "direct." *Id.*

Here, 3729 LLC is not an original source under either version of the statute. 3729 LLC is not an original source under the current version of the statute because its allegations do not materially add to the public disclosures.  3729 LLC is not an original source under the 1986 version of the statute because it lacks knowledge that is "direct."  Finally, 3729 LLC cannot be an original source under either the 1986 or current versions of the statute because it was formed weeks before filing its Complaint and for the sole purpose of litigation.

       **1.    3729 LLC is Not an Original Source Under the Current Version of the Bar Because Its Allegations Do Not Materially Add to the Public Disclosures**

3729 LLC's allegations do not materially add to the prior disclosures. It, therefore, is not an original source with regard to claims submitted on or after March 23, 2010.

---

[5] 31 U.S.C. § 3730(e)(4)(B)(i) is not at issue here because 3729 LLC does not argue that it made any disclosures to the government prior to the public disclosures.

The 2010 amendments added a requirement that, to qualify as an original source, a relator must allege facts that materially add to the public disclosure. 31 U.S.C. § 3730(e)(4)(B) (2010). As Defendants detailed in their prior submissions, 3729 LLC's allegations do not materially add to the public disclosures. Rather, 3729 LLC's allegations closely hew to the allegations in the *Army Times* and Federal Register that ESI shipped 90 days' worth of medication every 60 days, and dispensed in a manner that was excessive. *See* Mem. at 12-14; Reply at 6-7.

The additional color that 3729 LLC adds is just that—color. Its Complaint merely adds detail to what was previously disclosed, which is insufficient to meet the "materially adds" standard. *See United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 213 (1st Cir. 2016) (allegations regarding "the precise manner in which" a defendant "operated [its] program" only add color and do not "materially add[] to the public disclosures"); *United States ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, Inc.*, 2022 WL 17818587, at *4 (2d Cir. Dec. 20, 2022) (including more specific details of publicly disclosed information did not materially add to disclosures). Thus, for the reasons articulated in Defendants' prior briefing, all claims premised on Defendants' submission of allegedly false claims on or after March 23, 2010 are barred on this basis alone.

### 2. 3729 LLC is Not an Original Source Under the 1986 Bar Because It Lacks Direct Knowledge

3729 LLC is not an original source under the 1986 bar because it lacks "direct and independent" knowledge. Before the 2010 amendments, a relator had to have knowledge that was "direct and independent." 31 U.S.C. § 3730(e)(4)(B) (2006). Knowledge is "direct" when it is obtained firsthand through a relator's own efforts. *See Amphastar Pharms.*, 856 F.3d at 705. Knowledge is "independent" when a relator obtains information regarding the fraud prior to its public disclosure. *Id.*

Here, 3729 LLC has no direct knowledge of the fraud because 3729 LLC "did not discover firsthand the information underlying [its] allegations of fraud." *United*

*States ex rel. Devlin v. California*, 84 F.3d 358, 361 (9th Cir. 1996). 3729 LLC admits that its knowledge was not direct, but rather "flowed from" its principals. Opp. at 15. Nor could it have obtained direct knowledge, because the Complaint's most recent allegations concern events that occurred three years before 3729 LLC was even created. Because 3729 LLC only obtained the relevant knowledge after-the-fact, it lacks direct knowledge as required by the 1986 statute. *See Devlin*, 84 F.3d at 361 (finding relators did not have direct knowledge where they "derived it secondhand").

### 3. 3729 LLC is Not an Original Source Under the 1986 or 2010 Bars Because It Was Formed for this Litigation

3729 LLC is not an original source under either version of the bar for the separate and additional reason that it was formed weeks before the instant Complaint was filed and for the sole purpose of bringing this lawsuit.

As Defendants detailed in their prior briefing, an entity formed on eve of litigation for the sole purpose of bringing a lawsuit cannot be an original source under the FCA. Mem. at 10-12; Reply at 5-6. That one of its members might qualify as an original source is irrelevant because 3729 LLC and its members cannot be treated interchangeably under the FCA. *See United States ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, Inc.*, 551 F. Supp. 3d 27, 33, 44-46 (E.D.N.Y. 2021) (applying both the pre- and post-ACA amendments in holding that relator formed for litigation was not an original source), *aff'd*, 2022 WL 17818587 (2d Cir. Dec. 20, 2022); *United States ex rel. Doe v. Janssen Pharm. N.V.*, 2018 WL 5276291, at *3 (C.D. Cal. Apr. 19, 2018) (refusing to treat LLC and member as "one in the same" in FCA's first-to-file context), *aff'd sub nom.*, *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharm. N.V.*, 945 F.3d 1237, 1244 (9th Cir. 2020) (affirming district court and rejecting "proposition that an LLC is interchangeable with a natural person").

Instead, LLCs are "distinct legal entities, separate from their stockholders or

members." *Abrahim & Sons Enters. v. Equilon Enters., LLC*, 292 F.3d 958, 962 (9th Cir. 2002). Accordingly, 3729 LLC does not know any of the information or facts its members purport to know unless those members gained that knowledge while acting within the scope of their authority on behalf of the LLC. *See* Reply at 6 (citing *Am. Gen. Life Ins. Co. v. Darbinyan*, 2022 WL 1134722, at *8 (C.D. Cal. Mar. 30, 2022) ("[W]here an agent does not acquire [knowledge] while acting within the scope of his authority, the knowledge is no more to be imputed to the principal than to an utter stranger.")). Here, 3729 LLC was formed weeks before it filed the instant Complaint in 2019. Thus, it cannot be the case that any of its members were acting within the scope of their responsibilities on behalf of the LLC when they gained any relevant knowledge. *See United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 554 (10th Cir. 1992) (finding corporate relator formed shortly before filing suit was not an original source where it "made no showing it has a legitimate claim to information" forming basis of suit that was "gathered by" shareholder and president "prior to its formation"). Because this argument rests on basic principles of agency and attributable knowledge, it is unaffected by the amendments to the public disclosure bar and applies to claims submitted both before and after 2010.

## **CONCLUSION**

Any claims submitted before March 23, 2010 are governed by the pre-ACA version of the public disclosure bar, and those submitted on or after March 23, 2010 by the current bar, as amended by the ACA. Under both versions of the bar, the disclosures in the *Army Times* and in the Federal Register qualify as public disclosures and possess the requisite substantial similarity to bar 3729 LLC's suit. Yet, 3729 LLC does not qualify as an original source under either version of the bar. For claims allegedly submitted on or after March 23, 2010, 3729 LLC is not an original source because its allegations do not materially add to the public disclosures. For any claims before March 23, 2010, it does not have direct knowledge of the information on which the allegations are based. And for both pre- and post-

1  amendment claims, as an entity formed for purposes of bringing this lawsuit, 3729
2  LLC cannot be an original source of any knowledge purportedly gained before it even
3  existed.
4      Accordingly, all of Relator's claims are barred by the FCA's public disclosure
5  bar.

Dated: February 27, 2023

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Joseph Duffy*

Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
Tel:   +1.213.612.7378
Fax:  +1.213.612.2501

Attorney for Defendants
Express Scripts Holding Co. and Express Scripts, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 27, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

                                            */s/ Joseph Duffy*
                                            Joseph Duffy