David J. Chizewer (*pro hac vice*, IL Bar No. 6206747)
Roger A. Lewis (*pro hac vice*, IL Bar No. 6229704))
Benjamin W. Chertok (*pro hac vice*, IL Bar No. 6335682)
GOLDBERG KOHN LTD.
55 East Monroe Street – Suite 3300
Chicago, Illinois 60603
(312) 201-4000
david.chizewer@goldbergkohn.com
roger.lewis@goldbergkohn.com
benjamin.chertok@goldbergkohn.com

Ross H. Hyslop (CSB #149358)
PESTOTNIK LLP
501 West Broadway – Suite 1025
San Diego, California 92101
(619) 237-3000
hyslop@pestotnik.com

*Counsel for Plaintiff-Relator*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**THE UNITED STATES OF AMERICA,** *ex rel.* **3729, LLC,**

Plaintiff-Relator,

vs.

**EXPRESS SCRIPTS HOLDING COMPANY and EXPRESS SCRIPTS, INC.**

Defendants.

**Case No. 3:19-cv-01199-TWR-WVG**

**PLAINTIFF-RELATOR 3729, LLC'S POST-HEARING SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**Date:** **April 27, 2023**
**Time:** **1:30 p.m.**
**Location:** **Courtroom 3A, 3rd Floor**
**Edward J. Schwartz**
**United States Courthouse**
**221 W Broadway**
**San Diego, CA 92101**

Hon. Todd W. Robinson

Complaint Filed: June 26, 2019

During the April 27, 2023 hearing on Defendants' Motion (the "Hearing")[1], counsel for Defendants introduced two recent district court decisions that were not previously cited in the parties' briefs: (1) *United States ex rel. Sam Jones Co. LLC v. Biotronik Inc.*, No. CV 17-1391 PSG (KSx), 2023 WL 2993409 (C.D. Cal. Jan. 4, 2023), *appeal docketed*, No. 23-55361 (9th Cir. Apr. 18, 2023) ("*Biotronik*"); and (2) *Silbersher v. Allergan Inc.*, No. 18-cv-03018-JCS, 2023 WL 2593777 (N.D. Cal. Mar. 20, 2023), *appeal docketed*, No. 23-15613 (9th Cir. Apr. 25, 2023) ("*Allergan*"). This Court invited short supplemental briefing. *See* Hearing Tr. at 29:15-21 (ECF No. 76). After full review of Defendants' additional authority, Relator responds as follows: Neither case advances Defendants' arguments for dismissal. On the contrary, *Biotronik* actually supports *Relator's* position, while *Allergan* is inapposite to the issue for which it is cited.

In *Biotronik*, the FCA relator, like Relator here, was a "limited liability company formed to bring this action[,] made up of two managing members" who discovered a "nepotistic hiring scheme" perpetrated by the defendant, their employer. 2023 WL 2993409, at *1-2. The court held that a prior *New York Times* exposé that reported, in detail, on defendant's fraudulent practices, including a Department of Justice investigation into them, barred the case under the public disclosure rule. *Id.* at *6. As to the FCA's original source exception, the court determined that the LLC relator did not allege facts showing that its principals had knowledge of the fraud that was "independent" of or "materially added" to the *NYT* article, and thus could not satisfy the exception. *Id.* at *8-9.

In reaching its conclusion on the relator's lack of "independent" knowledge for the original source exception, the court held that because the *NYT* article pre-dated the knowledge of the LLC relator's two principals (they did not discover

[1] Unless otherwise indicated, defined terms in this Post-Hearing Supplemental Memorandum have the same meaning as in Plaintiff-Relator 3729, LLC's Response in Opposition to Motion to Dismiss (ECF No. 62) ("Relator's Resp.").

the fraud until long *after* publication of the article), they could not establish "independent" knowledge under either version of the original source rule: "The [complaint] thus shows that neither Williams nor O'Connor [relator's principals] had 'independent' knowledge of the purported fraud prior to the publication of the N.Y. Times article, and so they cannot meet the 'original source' exception." *Id.* at *8-9. Most critically for purposes of the case at bar, in reaching its decision, the court in *Biotronik* considered only when the LLC relator's *principals* obtained their "knowledge of the purported fraud," not when the LLC relator itself was formed or when it obtained that knowledge from its principals. *Id.*

If anything, *Biotronik* supports Relator's position, not Defendants'. First, there is a clear and important distinction between the explosive *NYT* article there detailing *fraud* as compared to the tepid, terse *Army Times* article and Federal Register here alleging, at most, *potential contract breaches* (not fraud). Applying Ninth Circuit law, the court in *Biotronik* made clear that merely putting the government "on the trail" to initiate an investigation into potential contract or legal breaches, as counsel for Defendants incorrectly suggested the standard to be at oral argument (*see* Hearing Tr. at 11:6-14), is insufficient to qualify as a public disclosure; *fraud* must be alleged or inferred in the public source to justify the bar. *Biotronik*, 2023 WL 2993409, at *5 ("'If the fraud allegations [] are disclosed, the bar applies,' and '[i]f enough of the underlying facts making up the elements of fraud are disclosed, the bar applies") (quoting *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 703-04 (9th Cir. 2017)). Putting the government "on notice to investigate" can suffice, but only if the prior disclosure alleged or inferred "the fraud." *Biotronik*, 2023 WL 2993409, at *5 (quoting *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 626 (9th Cir. 2018)).

Second, nothing in the *Biotronik* decision supports Defendants' baseless contention that a LLC relator, formed just prior to filing suit, can never have

knowledge "independent" of a prior, public disclosure because entity relators "know" nothing until they are formed. On the contrary, the *Biotronik* court had exactly the right case to adopt ESI's argument—it was confronting an original source issue involving a LLC relator specially formed just prior to bringing the action, and applying both the pre-2010 and post-2010 versions of the rule. *But the court did not embrace Defendants' argument at all*. Rather, consistent with Relator's position, the court used solely the knowledge of the LLC relator's *principals*, not that of the LLC relator itself, and the timing of their obtaining that knowledge, to decide the question. Here, unlike in *Biotronik*, Relator alleges that the knowledge underlying the Complaint pre-dates any public disclosure, as the Pharmacist-in-Charge (PIC) Relator, employed by ESI from 2009 through 2018, first discovered ESI's fraud well prior to the December 2013 *Army Times* article and November 2016 Federal Register comments. *See, e.g.,* Compl. ¶¶ 7, 54, 94-105. Under the *Biotronik* court's logic, the pre-disclosure knowledge of Relator's principals should be more than sufficient to satisfy the original source test's requirement of "independent" knowledge.

The second decision tendered by Defendants at the Hearing—*Allergan*—does not address the original source issue in the context of a specially-formed-LLC relator at all, despite Defendants' citing it for the same point as *Biotronik*. There, the issue was whether an individual relator (not an entity) who "merely use[d] his or her unique experience or training to conclude that the material elements already in the public domain constitute a false claim" was an original source where "the historical facts relating to the alleged fraud" were already disclosed in patent prosecution proceedings before the relator "brought to bear" his purported specialized knowledge. *Allergan*, 2023 WL 2593777, at *10-11 (citation omitted). That is not the case here at all. The knowledge of Relator's members here pre-dated any purported public disclosure. This isn't a "specialized knowledge applied to public facts" case, but one where the relator, through its

principals, observed the fraud directly prior to any public disclosure, not relying on public facts but discerning hidden facts that were actively concealed from disclosure by ESI. *See* Compl. ¶¶ 54, 83-109.

Thus, Defendants' new cases do not support the idea that a LLC relator is categorically disqualified, let alone disqualified in this case, from being an original source any more than the cases that they relied on in prior briefing. *See* Relator's Resp., ECF No. 62, at 12-17; and Supp'l Memo., ECF No. 74, at 5-10.

Nor is it even clear that the more academic, broader point from these decisions argued by defense counsel at the Hearing—that there is a temporal component to the "independent knowledge" inquiry requiring a relator to learn of a fraud before any public disclosure—is the law in this Circuit at all, at least not as to the post-2010 version of the FCA's original source rule. In *Allergan*, the court recognized that the Ninth Circuit has not yet interpreted the term "independent" in the context of the modern FCA. 2023 WL 2593777, at *10 (noting that the Ninth Circuit case principally relied on—*Amphastar*—was decided under the pre-2010 version of the rule). Looking to the plain meaning of the term, Merriam Webster does not define "independent" as "coming before" something else, or any timing component at all. Rather, the definition is: "not requiring or relying on something else : not contingent." *Independent*, merriam-webster.com, https://www.merriam-webster.com/dictionary/independent (last visited May 1, 2023).

Consistent with this plain meaning, many courts applying the post-2010 original source rule's use of the word "independent" have *not* imposed a requirement that the relator's knowledge *precede* the public disclosure, but instead required simply that the knowledge not be "dependent" on it. *See, e.g., Vierczhalek v. MedImmune Inc.*, 803 Fed. Appx. 522, 525 (2d Cir. 2020) ("The independent knowledge requirement means that knowledge of the fraud cannot be merely dependent on a public disclosure.") (citation omitted); *United States ex*

*rel. Howard v. KBR, Inc.*, 471 F. Supp. 3d 846, 855 (C.D. Ill. 2020) ("For a relator to establish that he or she has independent knowledge, the relator must be 'someone who would have learned of the allegation or transactions independently of the public disclosure'" (citing *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 921 (7th Cir. 2009)); *United States ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 260 (D. Mass. 2015) ("'Knowledge is 'independent' if it did not depend on the public disclosure ....' Put differently, 'a relator who would not have learned of the information absent public disclosure [does] not have 'independent' [knowledge] within the statutory definition of 'original source.'"), *aff'd sub nom. Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26 (1st Cir. 2016) (citations omitted). Thus, the courts in *Biotronik* and *Allergan* may well have erred in imposing, apparently for the first time in this Circuit, a temporal requirement on the "independent" knowledge component of the modern FCA's original source exception.

Again, though, even if Defendants' new cases correctly forecast Ninth Circuit law on that issue, Relator still readily meets the test because it based its allegations of fraud on the knowledge of its principals, including the PIC Relator, that was obtained *before*, and independent of, the "disclosures" in the *Army Times* and Federal Register. That is more than sufficient, even under Defendants' cases, to justify the original source exception to the public disclosure rule (if that rule is deemed to apply here at all). Relator's allegations are all the more sufficient if "independent" knowledge under the modern FCA is interpreted as many courts have, without reference to the timing of Relator's acquisition of knowledge but solely on the nature of how Relator derived it, *e.g.*, "independently." Either way, Relator easily qualifies as an original source.

Dated: May 2, 2023

Respectfully submitted,

By: /s/ Roger A. Lewis
Roger A. Lewis

David J. Chizewer (PHV)
Roger A. Lewis (PHV)
Benjamin W. Chertok (PHV)
GOLDBERG KOHN LTD.
55 East Monroe Street – Suite 3300
Chicago, Illinois 60603
(312) 201-4000
david.chizewer@goldbergkohn.com
roger.lewis@goldbergkohn.com
benjamin.chertok@goldbergkohn.com

Ross H. Hyslop (CSB #149358)
PESTOTNIK LLP
501 West Broadway – Suite 1025
San Diego, California 92101
(619) 237-3000
hyslop@pestotnik.com

*Counsel for Plaintiff-Relator 3729, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 2, 2023, to all counsel of record who have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Roger A. Lewis
Roger A. Lewis