**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Eric W. Sitarchuk, PA Bar No. 39082 (*pro hac vice*)
eric.sitarchuk@morganlewis.com
Ryan P. McCarthy, PA Bar No. 206961 (*pro hac vice*)
ryan.mccarthy@morganlewis.com
Jaclyn U. Whittaker, PA Bar No. 316282 (*pro hac vice*)
jaclyn.whittaker@morganlewis.com
1701 Market St.
Philadelphia, PA 19103-2921
Tel:   +1.215.963.5000
Fax:   +1.215.963.5001

Attorneys for Defendants
Express Scripts Holding Co. and
Express Scripts, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* 3729 LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPRESS SCRIPTS HOLDING CO. and EXPRESS SCRIPTS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01199-TWR-WVG<br><br>**DEFENDANTS EXPRESS SCRIPTS HOLDING CO. AND EXPRESS SCRIPTS, INC.'S MEMORANDUM REGARDING SUPPLEMENTAL AUTHORITIES**<br><br>Jury Trial Demanded<br><br>Hon. Todd W. Robinson |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................... 1

THE IMPORT OF *SAM JONES* AND *SILBERSHER* ........................................ 1

APPLICATION TO 3729 LLC ................................................................................. 4

CONCLUSION ......................................................................................................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

# <u>TABLE OF AUTHORITIES</u>

2

3                                                                        **Page(s)**

**Cases**

4

5

*Am. Gen. Life Ins. Co. v. Darbinyan,*
    2022 WL 1134722 (C.D. Cal. Mar. 30, 2022) ...................................... 5

6

7

*Amphastar Pharms. Inc. v. Aventis Pharma SA,*
    856 F.3d 696 (9th Cir. 2017) .................................................... 1, 2, 3, 4

8

9

*Minnesota Association of Nurse Anesthetists v. Allina Health System Corp.,*
    276 F.3d 1032 (8th Cir. 2002) ......................................................... 4, 5

10

11

*Silbersher v. Allergan Inc.,*
    2023 WL 2593777 (N.D. Cal. Mar. 20, 2023) ............................. 1, 3, 4

12

13

*United States ex rel. Devlin v. California,*
    84 F.3d 358 (9th Cir. 1996) .................................................................. 1

14

*United States ex rel. Mateski v. Raytheon Co.,*
    816 F.3d 565 (9th Cir. 2016) ................................................................ 2

15

16

17

*United States ex rel. Sam Jones Co. LLC v. Biotronik Inc.,*
    2023 WL 2993409 (C.D. Cal. Jan. 4, 2023),
    *mot. to amend denied*, 2023 WL 2993408 (C.D. Cal. Mar. 21,
    2023) ....................................................................................... 1, 2, 3, 4

18

19

**Statutes**

20

31 U.S.C. § 3730(e)(4)(B) (2006) ............................................................. 3

21

31 U.S.C. § 3730(e)(4)(B) (2010) ............................................................. 3

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**INTRODUCTION**

Defendants' prior briefing amply establishes that the False Claims Act's ("FCA") public disclosure bar forecloses 3729 LLC's Complaint.[1]  *See* ECF Nos. 55, 67, 72.  Two recent California district court decisions granting motions to dismiss based on the public disclosure bar provide further support for Defendants' arguments.  *United States ex rel. Sam Jones Co. LLC v. Biotronik Inc.*, 2023 WL 2993409, at *1 (C.D. Cal. Jan. 4, 2023), *mot. to amend denied*, 2023 WL 2993408 (C.D. Cal. Mar. 21, 2023)[2]; *Silbersher v. Allergan Inc.*, 2023 WL 2593777, at *11 (N.D. Cal. Mar. 20, 2023).  Those cases confirm Circuit precedent holding that, to be an original source, a relator's knowledge must have been acquired prior to the relevant public disclosures, applies under both the pre- and post-2010 versions of the bar.  *See Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 702 n.8 (9th Cir. 2017); *United States ex rel. Devlin v. California*, 84 F.3d 358, 361 n.5 (9th Cir. 1996).

**THE IMPORT OF *SAM JONES* AND *SILBERSHER***

In *Sam Jones*, the relator was an LLC formed to bring the action.  *Sam Jones*, 2023 WL 2993409, at *1.  Its two managing members had worked for one of the defendants, Biotronik, a medical device company that made implant products for heart surgeries.  *Id.*  The LLC relator alleged an illegal medical device referral scheme in violation of the Anti-Kickback Statute and Stark indirect compensation laws thereby resulting in the submission of false claims.  *Id.* at *2.  Defendants moved to dismiss under the public disclosure bar based on a 2011 *New York Times* article that "impl[ied] that Biotronik engaged in fraudulent nepotistic hiring and compensation

---

[1] Defendants use the same defined terms as in their Memorandum of Points and Authorities Regarding the Public Disclosure Bar (ECF No. 72).  All citations and internal quotations marks are omitted unless otherwise indicated.

[2] Although the opinion is dated January 4, 2023, it was not available on Westlaw until April 19, 2023.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

practices . . . ." and that Biotronik hired a particular doctor's relatives.  *Id.* at *6-7. The district court held that the article's disclosures were "sufficient [for the government] to infer fraud," thus triggering the public disclosure bar.  *Id.* at *7.

The court explained that the article was substantially similar to allegations in the complaint, even though the complaint provided additional details not included in the article such as "how many devices were implanted" by the doctor named in the complaint and "the specific names of other physicians involved in the alleged fraud." *Id.* at *8.  The court found it sufficient that "both the article and the [complaint] involve Biotronik as the main actor and set-out the same core charge."  *Id.* at *7-8. The court reasoned that, "[i]f enough of the underlying facts making up the elements of fraud are disclosed, the bar applies."  *Id.* at *5 (quoting *Amphastar*, 856 F.3d at 703-04).

*Sam Jones* distinguished *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565 (9th Cir. 2016), a case heavily relied on by 3729 LLC here, as one where the prior disclosure was one of only "very generalized problems" as opposed to the "specific tactic" that was at the core of the allegations in the case before it.  *Sam Jones*, 2023 WL 2993409, at *8.[3]  The *Sam Jones* court explained that, unlike in *Mateski*, the prior disclosure "put the government on notice to investigate the fraud." *Id.*  Thus, the substantial similarity test was met and the public disclosure bar applied.

_____

[3] Notably, the article discussed "two specific examples" of the purported misconduct as a means of "explaining Biotronik's nepotistic hiring practice."  *Sam Jones*, 2023 WL 2993409, at *8.  Despite focusing on those individuals, the bar still applied because the article "alerted the Government to the specific areas of fraud alleged." *Id.*  The same result is warranted here.  The *Army Times* article titled "DoD: Mail-order meds program may waste money," and setting forth specific examples of the "same core charge" alleged in the complaint, "alerted the Government to the specific areas of fraud alleged."  *Id.* at *7-8.

*Id.*

After concluding that the public disclosure bar applied, the *Sam Jones* court went on to conclude that relator did not qualify as an original source. That conclusion turned on whether the relator possessed independent knowledge. In the 2010 amendments to the FCA, Congress replaced the requirement that a relator must have "direct and independent knowledge of the information on which the allegations are based" to qualify as an original source (31 U.S.C. § 3730(e)(4)(B) (2006)) with the requirement that a relator must have "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions . . . ." (31 U.S.C. § 3730(e)(4)(B) (2010)). To assess that issue, the *Sam Jones* court turned to *Amphastar Pharmaceuticals*. There, the Ninth Circuit held that, under the pre-2010 bar, "[i]ndependent knowledge is knowledge obtained by the relator ***before the evidence of the fraud was disclosed to the public***." *Amphastar Pharms.*, 856 F.3d at 702 n.8 (emphasis added).

The *Sam Jones* court applied the Ninth Circuit's definition of "independent knowledge" to the post-2010 bar. Thus, to be an original source under either version of the bar, a relator must ***obtain its knowledge before the public disclosure***. *Sam Jones*, 2023 WL 2993409, at *5 ("Independent knowledge requires a relator to show that she had relevant evidence of fraud prior to the public disclosure of the allegations."). *Silbersher* underscores that the *Sam Jones* court's ruling in this regard was correct. In that case, the court confirmed that *Amphastar* applies under the post-2010 bar, finding "nothing in the amended definition to suggest that the meaning of independent has changed." *Silbersher*, 2023 WL 2593777, at *10.

1

**APPLICATION TO 3729 LLC**

2    Because the court in *Sam Jones* concluded that any purported knowledge of

3    the relators' principals post-dated the public disclosure, it did not need to reach

4    arguments about whether an LLC created for litigation could "qualify as a relator and

5    an adequate 'original source,'" or whether the underlying knowledge of the members

6    could be imputed to the LLC. *Sam Jones*, 2023 WL 2993409, at *8 n.3. Here, if the

7    Court finds, for the reasons already fully briefed and argued, that 3729 LLC's

8    allegations do not "materially add" to the public disclosures, it need not even address

9    those questions or the nuances of whether 3729 LLC had "independent knowledge"

10   under the post-2010 amendments.

11   However, if this Court does reach the question of "independent knowledge,"

12   the answer lies with *Sam Jones* and *Silbersher*. Those cases make plain that the

13   relator here, 3729 LLC, does not have—and could never allege to have—

14   "independent knowledge" under either version of the statute because it did not obtain

15   the requisite knowledge prior to the public disclosures. In fact, it did not even exist

16   then. 3729 LLC was not created until May 29, 2019, which was many years after the

17   public disclosures. Consequently, any knowledge it claims to have is not

18   "independent." *See Sam Jones*, 2023 WL 2993409, at *9; *Silbersher*, 2023 WL

19   2593777, at *10.

20   Nor does 3729 LLC have knowledge of ESI's conduct simply because one of

21   its members, the PIC, purports to have that knowledge. *Sam Jones*, which never had

22   to reach—and did not reach—this question, does not hold otherwise. There, the court

23   did not need to consider whether the members' knowledge was imputable to the LLC

24   because, even if it was, the members had not acquired the knowledge pre-disclosure

25   as required by *Amphastar*. *Sam Jones*, 2023 WL 2993409, at *8-9 & n.3.

26   Here, even making the generous assumption that the former PIC's knowledge

27   was independent, 3729 LLC's own authority makes clear that an LLC does not have

28   the knowledge of its members. In *Minnesota Association of Nurse Anesthetists v.*

*Allina Health System Corp.*, a case on which 3729 LLC relies, the Eighth Circuit explained why the relator *did* have knowledge and distinguished situations in which, as is the exact case here, "corporations were formed after the information had been discovered and disclosed by people who became shareholders of the corporations," explaining that, in these cases, "the corporations were not original sources of the information." 276 F.3d 1032, 1049 (8th Cir. 2002). The court further explained that a "corporation has no standing to assert rights belonging to its shareholders," which is exactly what 3729 LLC is attempting to do here. *Id.* at 1050. The agency principles that 3729 LLC invokes do not change this because, if the agent does not learn the relevant information while acting within the scope of a principal-agent relationship, "the knowledge is no more to be imputed to the principal than to an utter stranger." *Am. Gen. Life Ins. Co. v. Darbinyan*, 2022 WL 1134722, at *8 (C.D. Cal. Mar. 30, 2022). No principal-agent relationship could have existed here prior to the disclosures because 3729 LLC did not even exist. Accordingly, 3729 LLC cannot claim it knows of events occurring *years* before its incorporation based on its members' purported knowledge. 3729 LLC is therefore not an original source and the public disclosure bar applies.

## **CONCLUSION**

For the foregoing reasons, in addition to those in Defendants' prior memoranda, 3729 LLC's Complaint should be dismissed with prejudice.[4]

---

[4] Defendants seek dismissal with prejudice as to 3729 LLC and dismissal without prejudice as to the United States. *See* ECF No. 67 at 1 n.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: May 2, 2023

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By:   */s/ Joseph Duffy*

Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
Tel:   +1.213.612.7378
Fax:   +1.213.612.2501

Attorney for Defendants
Express Scripts Holding Co. and Express
Scripts, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

1

## **CERTIFICATE OF SERVICE**

2    The undersigned hereby certifies that a true and correct copy of the above and

3 foregoing document has been served on May 2, 2023, to all counsel of record who

4 are deemed to have consented to electronic service via the Court's CM/ECF system

5 per Civil Local Rule 5.4. Any other counsel of record will be served by electronic

6 mail, facsimile and/or overnight delivery.

7

8

9

10                                                      */s/ Joseph Duffy*
                                                         Joseph Duffy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7