**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Eric W. Sitarchuk, PA Bar No. 39082 (pro hac vice)
eric.sitarchuk@morganlewis.com
Ryan P. McCarthy, PA Bar No. 206961 (pro hac vice)
ryan.mccarthy@morganlewis.com
Jaclyn Unis Whittaker, PA Bar No. 316282 (pro hac vice)
jaclyn.whittaker@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000
Fax: +1.215.963.5001

Attorneys for Defendants
Express Scripts Holding Co. and
Express Scripts, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA ex rel. 3729 LLC,

Plaintiffs,

vs.

EXPRESS SCRIPTS HOLDING CO. and EXPRESS SCRIPTS, INC.,

Defendants.

Case No. 3:19-cv-01199-TWR-WVG

HON. TODD W. ROBINSON

**DEFENDANTS EXPRESS SCRIPTS HOLDING CO. AND EXPRESS SCRIPTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Express Scripts Holding Co. ("ESHC")[1] and Express Scripts, Inc. ("ESI" and collectively "Defendants"), by and through the undersigned counsel, answer and

[1] ESHC is now known as Evernorth Health, Inc. Pursuant to this Court's June 16, 2023 Order, ESHC has been dismissed without prejudice from this action and need not respond to the allegations contained in Relator's Complaint.

otherwise respond to the Complaint (the "Complaint") filed by Plaintiff-Relator 3729, LLC's ("3729 LLC").

Specifically, in response to the numbered paragraphs included in the Complaint, ESI admits, denies, or otherwise responds to the allegations as set forth below. All allegations are denied unless expressly admitted, and an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation. Further, ESI does not construe organizational headers to be allegations of fact to which responses are required. To the extent responses to organizational headers are required, they are denied.

## I. INTRODUCTION

1. Denied, except that ESI admits it is a national pharmacy benefit manager ("PBM") and that ESI was a party to a contract with the U.S. Department of Defense ("DoD") to provide specified pharmacy and other services, including mail-order delivery of prescription drugs, to uniformed service members and their families enrolled in Tricare. ESI denies the remaining allegations contained in this paragraph.

2. Denied.

3. Denied.

4. Denied. Furthermore, the allegations concerning the regulation are legal conclusions to which no response is required, and, to the extent a response is required, the regulation, being in writing, speaks for itself and ESI denies Relator's characterization thereof.

5. ESI denies the allegations in the first and second sentences of this paragraph. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

6. ESI admits only that the Relator seeks to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ESI denies the remaining allegations in this paragraph.

## II. PARTIES

7. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

8. Denied, except that ESI admits that as of December 31, 2017, ESI provided pharmacy services to approximately 85 million people nationwide, had a pharmacy network of over 68,000 retail pharmacies, had over 26,600 employees, and reported a revenue of approximately $100 billion. ESI denies the allegation relating to whether ESI is the largest PBM in the United States.

9. This paragraph contains allegations pertaining exclusively to a Defendant that the Court has dismissed without prejudice, and therefore, no response is required. To the extent a response is required, ESHC is a holding company with no employees or operations. As such, ESHC denies it is a proper defendant and further denies any and all allegations in the Complaint as they relate to ESHC.

## III. JURISDICTION AND VENUE

10. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI denies the allegations.

11. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI denies the allegations.

12. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI denies the allegations.

## IV. FACTUAL AND LEGAL BACKGROUND

### A. The Problem of Medication Over-Dispensing

13. Denied.

14. ESI avers that the NPCC article cited by the Relator in footnote 1 to the Complaint speaks for itself, and on that basis, ESI denies each and every

allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

15. ESI avers that the HHS article cited by the Relator in footnote 2 to the Complaint speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

16. ESI avers that the NPCC article cited by the Relator in footnote 1 to the Complaint and the NCPA article cited by the Relator in footnote 3 to the Complaint speak for themselves, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

17. ESI avers that the NPCC article cited by the Relator in footnote 1 to the Complaint speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

### B. CMS's Response to Medication Over-Dispensing

18. ESI avers that Congressional hearing transcripts cited by the Relator in footnote 4 to the Complaint speak for themselves and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

19. ESI admits that CMS issued Call Letters between 2013 and 2015. ESI avers that the Call Letters speak for themselves and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof. ESI lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

20. ESI avers that the notice cited by the Relator in footnote 5 to the Complaint and the cited CMS regulation speak for themselves and on that basis, ESI

denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

21. ESI avers that 42 C.F.R. § 423.153(c) is a provision that speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

**C. TRICARE Prohibitions on Medication Over-Dispensing**

22. Admitted that as of early 2019, Tricare provided coverage to 9.4 million beneficiaries, which includes active duty service members, retirees, and their family members and dependents.

23. Admitted.

24. Admitted that, from 2003 to the present, DoD has contracted with Express Scripts to provide mail-order pharmacy services to approximately 10 million Tricare beneficiaries annually, and that in the United States government's fiscal year 2017, ESI dispensed approximately 119,400,000 prescriptions to Tricare beneficiaries. ESI denies that the administrative fee for each dispensing event from 2003 to the present was approximately $17.

25. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI avers that 32 C.F.R. § 199.21 is a provision that speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

26. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI avers that 32 C.F.R. § 199.9(c)(5) is a provision that speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

27. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI avers that 32 C.F.R. § 199.9(c)(2) is a provision that speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

28. ESI avers that the Tricare Provider Manual cited by the Relator in footnote 6 to the Complaint speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

**D. State Pharmacy Regulations Prohibit Medication Over-Dispensing**

29. This paragraph contains legal conclusions to which no response is required.

30. ESI admits that it operates a mail-order pharmacy from a facility in Tempe, Arizona. The remaining allegations are legal conclusions to which no response is required.

31. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI avers that Ariz. Admin. Code R4-23-402(A)(11) and (A)(5) speak for themselves, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and further denies the remaining allegations contained in this paragraph.

32. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI avers that Ariz. Admin. Code R4-23-402(A)(10) speaks for itself, and on that basis, ESI denies each and every allegation inconsistent thereof. ESI admits that it obtained prescription renewals as appropriate but denies Relator's characterization thereof. ESI further denies the remaining allegations contained in this paragraph.

33. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI avers that the regulations cited by Relator in footnote 7 of the Complaint speak for themselves, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof. ESI denies the remaining allegations contained in this paragraph, and further denies that it engaged in any fraudulent scheme.

## V. DEFENDANTS' FRAUDULENT CONDUCT

34. Denied.

### A. Express Scripts' Auto-Refill Program Was Fraudulent Because It Caused the "Flagrant and Persistent" Over-Utilization of Medications

35. ESI admits that the United States both permitted and encouraged Tricare beneficiaries to enroll in mail-order pharmacy services, including automatic refills, with ESI's assistance. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, ESI avers that 32 C.F.R. § 199.9(c) is a provision that speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof.

#### i. Express Scripts Calibrated Its Dispensing Software To Over-Dispense

36. Denied.

37. ESI admits that Tricare allowed beneficiaries to refill prescriptions for some medications before the prior shipment had been consumed. ESI admits that its contracts with Tricare permitted ESI to refill prescriptions after a specified period had elapsed before the expiration of the days supplied in the prior fill, including upon expiration of 67% of days supply. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

38. Denied, except that ESI admits it incorporated refill-too-soon controls as part of the logic of its dispensing software.

39. Denied.

40. ESI admits that, for a new Tricare beneficiary with a 90-day supply prescription placed on auto-refill, and a dosage of one pill per day, ESI would initially dispense 90 pills for each maintenance prescription. ESI denies the remaining allegations in this paragraph.

41. Denied.

42. Denied.

43. Denied insofar as the allegations in this paragraph relate to conduct by ESI. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

44. Denied.

45. Denied.

46. Denied.

**ii. Express Scripts' Auto-Refill Practice Violated Tricare Guidelines and State Pharmacy Regulations and Led to Numerous Patient Complaints**

47. Denied.

48. ESI admits only that it signed a Consent Order with the Board of Pharmacy of the State of Oregon but denies any characterization of that Order. With respect to the remaining allegations in this paragraph, ESI avers that Exhibit 2 and Exhibit 3 to the Complaint speak for themselves and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

49. ESI admits only that Exhibit 4 to the Complaint purports to show three statements made about ESI or Tricare. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations made in these statements,

and therefore denies the same. Furthermore, these writings speak for themselves and ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

50. ESI admits only that the quoted statement is part of Exhibit 4 to the Complaint. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations made in these statements, and therefore denies the same. Furthermore, this writing speaks for itself and ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

51. ESI admits only that the quoted statement is part of Exhibit 4 to the Complaint. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in the statement and therefore denies the same. Furthermore, this writing speaks for itself and, ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

52. ESI admits only that the quoted statement is part of Exhibit 4 to the Complaint. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in the statement, and therefore denies the same. Furthermore, this writing speaks for itself and ESI denies Relator's characterization thereof and the remaining allegations in this paragraph.

53. ESI avers that Exhibits 2 and 4 to the Complaint speak for themselves, and ESI denies Relator's characterization thereof and the remaining allegations in this paragraph. Furthermore, ESI denies that it caused excessive maintenance medications to be dispensed to Tricare beneficiaries, either through a deliberate calibration of the Express Scripts dispensing software to issue a full days-supply at 67% of usage for each dispensing period throughout the entire life of each prescription on automatic refill or otherwise.

**iii. Express Scripts Failed to Correct Its Auto-Refill Dispensing Software After the Merger with Medco in 2012 to Prevent Excessive Dispensing.**

54. ESI admits that it used software in connection with dispensing prescriptions. ESI otherwise denies the allegations insofar as they relate to conduct by ESI. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

55. ESI admits that Express Scripts and Medco merged in April 2012, and that, after the merger, ESI used a prescription dispensing software called "Foundation 14." ESI also admits that Paul Plaskon, Eileen Bidell, and Eric Smither were ESI employees. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

56. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

57. Denied. Further, ESI specifically denies that it needed to correct the calibration of its dispensing software to prevent excessive dispensing of maintenance medications on auto-refill.

**iv. Express Scripts Did Not Give Proper Regard to Patients' Medical Conditions**

58. ESI admits that it maintained data on the number of pills dispensed and the days-supply for each prescription in the Tricare mail-order pharmacy program, and that ESI also received information as a PBM regarding fills at retail pharmacies in some circumstances, but otherwise denies the allegations of this paragraph. Furthermore, the allegations concerning the regulation are legal conclusions to which no response is required and, to the extent a response is required, the regulation, being in writing, speaks for itself, and ESI denies Relator's characterization thereof.

59. Denied, except that ESI admits that its dispensing software included logic that governed when refills would ship to beneficiaries, and that both governmental and commercial payors could select the so-called "refill-too-soon" settings that would apply to their respective beneficiaries.

60. Denied.

61. Denied. Furthermore, the allegations concerning the Arizona regulation are legal conclusions to which no response is required and, to the extent a response is required, the regulation, being in writing, speaks for itself, and ESI denies Relator's characterization thereof.

62. Denied. Furthermore, the allegations concerning the regulations are legal conclusions to which no response is required and, to the extent a response is required, the regulations, being in writing, speak for themselves, and ESI denies Relator's characterization thereof.

**v. Express Scripts Dispensed More Pills on Auto-Refill Than Patients Needed**

63. Denied, except that ESI admits that, as disclosed to DHA, when Tricare beneficiaries ordered prescriptions for mail-order delivery on the ESI website, the checkout process presented a review screen that included an automatic refill radio button selection that was pre-selected to "yes," but could be moved to "no" by the beneficiary. The website further required the beneficiary to select "yes" or "no" for automatic refill enrollment before checkout. Beneficiaries were not automatically defaulted into the program and could cancel at any time.

64. Denied, except that ESI admits that, as it disclosed to DHA, when Tricare beneficiaries were ordering mail prescriptions on the ESI website, the checkout process presented a review screen that included an automatic refill radio dial that was pre-selected to "yes." However, beneficiaries had to select "yes" or "no" for automatic refill enrollment before checkout. Beneficiaries were not automatically defaulted into the program and could cancel at any time.

65. Denied.

66. Denied, except that ESI admits that during 2017 and 2018 only, one component of eligible call center employees' compensation plans incorporated addressing auto-refill opportunities.

67. Denied, except that ESI admits it provided Tricare beneficiaries with an opportunity to opt-out of the automatic refill program or to delay a prescription before each refill was dispensed.

68. Denied, except ESI admits that as of 2018, approximately 50% of Tricare mail-order claims for maintenance prescriptions drugs were processed through its auto-refill program.

69. Denied. Furthermore, the allegations concerning the regulation are legal conclusions to which no response is required and, to the extent a response is required, the regulation, being in writing, speaks for itself, and ESI denies Relator's characterization thereof.

**vi. Express Scripts Dispensed More Pills on Auto-Refill Than the Prescribing Physicians Intended**

70. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ESI avers that Ariz. Admin. Code R4-23-402 speaks for itself, and on that basis, ESI denies each and every allegation inconsistent therewith. ESI denies Relator's characterization thereof. ESI admits that the Tricare mail-order pharmacy is and was a licensed pharmacy.

71. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

72. Denied.

73. Denied.

74. Denied. Furthermore, the allegations concerning the regulation are legal conclusions to which no response is required and, to the extent a response

is required, the regulation, being in writing, speaks for itself and ESI denies Relator's characterization thereof.

75. Denied. Furthermore, the allegations concerning the Arizona regulations are legal conclusions to which no response is required and, to the extent a response is required, the regulations, being in writing, speak for themselves and ESI denies Relator's characterization thereof.

**vii. Express Scripts Was Financially Motivated to Dispense Excess Drugs**

76. Denied.

77. Denied, except that ESI admits that as of early 2019, Tricare provided coverage to 9.4 million beneficiaries.

78. ESI is unable, based on the vagueness of the allegation, to determine which "public filings" Relator is referencing and, therefore, lacks sufficient knowledge to admit or deny the allegations, and therefore denies them. ESI admits that it recorded revenue based on the ingredient cost for drugs dispensed, and that the same amount was recorded as the cost of goods sold. Therefore, ESI recorded no profit margin associated with the cost of drugs dispensed. ESI further denies that an increase in revenue necessarily yields an increase in profit margin.

79. Denied, except ESI admits that it employed Dylan Fondry as the Senior Director of Value Management and that it maintained data on the number of Tricare beneficiaries and prescriptions enrolled in the auto-refill program and on dispensing of prescriptions to Tricare beneficiaries.

80. ESI admits that Fondry prepared reports containing information on auto-refill data. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

81. Denied.

82. Denied.

**B. Express Scripts Concealed Its Auto-Refill Dispensing Practices From the United States**

83. Denied.

84. Denied.

85. Denied, except that ESI admits that Tricare provided zero-copay generic drugs during the time period specified by Tricare.

86. Denied.

**i. Some Employees Raised Concerns Internally About Express Scripts' Auto-Refill Practices**

87. Denied.

88. Denied.

89. Denied.

**ii. Express Scripts Ignored Some Patient Complaints**

90. Denied.

91. Admitted, except that ESI denies that the call center was required to be located in Arizona.

92. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

93. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

**iii. Express Scripts Failed to Reveal Its Fraudulent Dispensing Practices During the DoD Inspector General Audit in 2013/14**

94. Denied.

95. Admitted that the audit was conducted by the DoD IG upon the request of members of Congress. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

96. Denied, except ESI admits that ESI employees knew the audit was occurring.

97. Denied insofar as the allegations relate to ESI's conduct. ESI otherwise lacks knowledge or information sufficient to form a belief about the truth of what the PIC Relator's first-hand knowledge consists of.

98. Denied insofar as the allegations relate to ESI's conduct. ESI otherwise lacks knowledge or information sufficient to form a belief about the truth of what the PIC Relator's recollection consists of.

99. Denied insofar as the allegations relate to ESI's conduct. ESI otherwise lacks knowledge or information sufficient to form a belief about the truth of what the PIC Relator's recollection consists of.

100. Denied insofar as the allegations relate to ESI's conduct. ESI otherwise lacks knowledge or information sufficient to form a belief about the truth of what the PIC Relator's recollection consists of or what the auditors intended.

101. Denied.

102. Denied, except ESI admits that the audit report contains the phrase "selected aspects" and also states in part: "we did not audit the quantities or dollar amounts listed in the reports and cannot attest to the accuracy" and "we responded separately in January 2013 [to members of Congress] that we would not review patient utilization of their medications."

103. Denied, except ESI admits that the audit report states in part: "we attempted to obtain information on waste from TMA and the TMOP program contractor, but they could not provide data related to this type of waste. However, the TMOP program contractor had designed and implemented dispensing controls to prevent shipment of unneeded or ineligible prescriptions, reducing the risk of waste."

104. Denied, except ESI admits that the report states in part that ESI had controls in place to "ensure beneficiaries received only necessary pharmaceuticals."

105. Denied, except ESI admits that the audit report states in part: "Unless the beneficiary requested a cancellation, the contractor would process the refills based on when their previous fill would run out."

**C. Express Scripts Failed to Reveal Its Fraudulent Dispensing Practices In Response to DoD Inquiries About Seven Tricare Beneficiaries in 2015**

106. Denied, except ESI admits that DoD had access to ESI refill data, and based on its review of that data, it contacted ESI on April 30, 2015 to ask about ten individuals who appeared to have received more than 450 days' supply in a 365-day period based on the data. On June 1, 2015, ESI provided detailed information to DHA about each claim, including the reason for each fill.

107. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

108. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

109. ESI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

**D. ESI Quietly Ended the Routine Oversupply of Medication Fearing Growing Customer Complaints and Scrutiny**

110. Denied, except ESI admits only that it utilized accumulation logic that shipped out the second refill and all subsequent refills of a specified prescription on approximately day 90 of a 90-day supply.

111. Denied.

112. Denied.

113. ESI denies the allegations in the first and second sentences of this paragraph. ESI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation as to whether PIC Relator participated in any quarterly leadership calls.

114. Denied, except that ESI admits that the 2018 National Defense Authorization Act mandated copay changes for generic medications for Tricare beneficiaries, changing them from zero-copay to $7 copay per fill.

115. Denied, except that ESI admits that ESI believed it provided Tricare beneficiaries sufficient quantities of their medications.

**E. Express Scripts' Dispensing Practices Contrasted with How it Treated Its Own Network Pharmacies**

116. Denied.

117. Denied, except ESI admits that, in its role as a PBM, it maintains contracts with retail pharmacies that entitle ESI to terminate pharmacies that violate their contractual obligations under specified circumstances.

118. Denied, except ESI admits that, in its role as a PBM, it maintains contracts with retail pharmacies that entitle ESI to audit claims pursuant to a contractual process and otherwise receive information from the retail pharmacies regarding prescriptions, including information on the quantity dispensed.

119. Denied, except ESI admits that, in its role as a PBM, it maintains contracts with retail pharmacies that entitle ESI to audit claims pursuant to a contractual process and otherwise receive information from the retail pharmacies regarding prescriptions, including on refills, and that ESI may reject claims not compliant with contractual provisions.

120. Denied, except ESI admits that ESI maintains contracts with retail pharmacies that entitle ESI, under specified circumstances, to recoup funds in connection with claims not compliant with contractual provisions, and to terminate pharmacies that violate their contractual obligations under specified circumstances.

121. Denied.

### F. Express Scripts' Dispensing Practices Resulted in Enormous Damages to the United States

122. Denied, except ESI admits that the 2012 DoD Inspector General audit stated that Express Scripts filled 35% of 16.9 million mail-order prescriptions by auto-refill. ESI denies the remaining allegations.

123. Denied.

124. Denied.

## VI. CAUSES OF ACTION

**COUNT I**

**False Claims Act**

**31 U.S.C. § 3729(a)(l)(A-B)**

125. ESI incorporates its responses to all preceding paragraphs as though fully set forth herein.

126. ESI admits only that Count I purports to set forth a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ESI denies that it is liable for any such damages or penalties.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator prays for judgment against Defendants as follows:

131. Relator's Prayer for Relief does not contain allegations of fact to which a response is required. To the extent a response is required, ESI respectfully requests that the Court deny all of the relief requested and any other further relief as the Court deems just and proper.

132. Relator's Prayer for Relief does not contain allegations of fact to which a response is required. To the extent a response is required, ESI respectfully

requests that the Court deny all of the relief requested and any other further relief as the Court deems just and proper.

133. Relator's Prayer for Relief does not contain allegations of fact to which a response is required. To the extent a response is required, ESI respectfully requests that the Court deny all of the relief requested and any other further relief as the Court deems just and proper.

134. Relator's Prayer for Relief does not contain allegations of fact to which a response is required. To the extent a response is required, ESI respectfully requests that the Court deny all of the relief requested and any other further relief as the Court deems just and proper.

135. Relator's Prayer for Relief does not contain allegations of fact to which a response is required. To the extent a response is required, ESI respectfully requests that the Court deny all of the relief requested and any other further relief as the Court deems just and proper.

**JURY DEMAND**

Relator's Jury Demand does not contain allegations of fact to which a response is required. To the extent a response is required, ESI admits only that Relator demands a trial by jury.

## VII. AFFIRMATIVE DEFENSES

ESI, without admitting any of the allegations of the Complaint and without admitting or acknowledging that ESI bears any burden of proof as to any of them, asserts the following affirmative defenses. ESI expressly reserves the right to raise additional affirmative defenses, amend its answers and affirmative and other defenses, and assert counterclaims as they may become known through the course of further investigation and discovery:

**First Affirmative Defense**

Relator's claims for relief are barred, in whole or in part, because the United States has suffered no actual injury.

**Second Affirmative Defense**

ESI has provided all the services due to the United States with respect to the transactions and occurrences that are the subject of this lawsuit.

**Third Affirmative Defense**

Relator's claims for relief are barred, in whole or in part, because any actions taken by ESI with respect to the subject matter alleged in the Complaint were undertaken in good faith and constitute lawful and proper conduct, and because ESI did not intentionally or recklessly violate any statute, promise, or obligation.

**Fourth Affirmative Defense**

Relator's claims are barred, in whole or in part, because ESI's conduct was not material to any alleged payment or receipt of money or property in connection with any alleged false or fraudulent claim, and/or because ESI's conduct was known to the government.

**Fifth Affirmative Defense**

Relator's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**Sixth Affirmative Defense**

Relator's claims are barred, in whole or in part, because ESI's activities and conduct conformed to all applicable statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

**Seventh Affirmative Defense**

ESI did not engage in "flagrant and persistent overutilization of services" through its dispensing practices.

**Eighth Affirmative Defense**

Relator's claims are barred in whole or in part because ESI did not act "knowingly" within the meaning of 31 U.S.C. § 3729.

**Ninth Affirmative Defense**

To the extent that the Complaint alleges any wrongdoing or violation of law, any such wrongdoing or violation of law was committed by individuals acting outside the scope of their employment, in a manner that was inconsistent with ESI's policies, and without ESI's knowledge.

**Tenth Affirmative Defense**

In the event that ESI were ever held liable for damages, which liability is specifically denied, to the extent Relator seeks damages and/or penalties unrelated to or vastly greater than any actual damages, such damages or penalties would be unconstitutional because they would be in violation of the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**Eleventh Affirmative Defense**

In the event that ESI were ever held liable for damages, which liability is specifically denied, Relator would be barred from recovering any share of any proceeds in this action by and to the extent that he planned, initiated, or participated in any acts or omissions that he alleges to be wrongful or in violation of the law.

**Twelfth Affirmative Defense**

Relator's claims fail because the False Claims Act's *qui tam* provisions are unconstitutional, because, among other things, they violate Article II of the Constitution.

**Thirteenth Affirmative Defense**

Relator's claims fail because, as an LLC, it is not a "person" qualified to bring a civil action under 31 U.S.C. § 3730.

**Fourteenth Affirmative Defense**

Relator's claims fail because substantially the same allegations or transactions as alleged in complaint were publicly disclosed, and Relator does not qualify an

original source. Moreover, as an LLC, Relator is not an "individual" who can qualify as an original source under 31 U.S.C. § 3730.

**Fifteenth Affirmative Defense**

ESI preserves and asserts all affirmative defenses available under any applicable law. ESI presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. Therefore, ESI reserves its right to supplement this Answer and to assert additional defenses in the event that discovery or other means indicate they would be appropriate.

**ESI'S REQUESTS FOR RELIEF**

WHEREFORE, ESI requests that the Court:

(1) Dismiss this action with prejudice;

(2) Deny any and all relief requested by Relator;

(3) Award to ESI its costs and attorneys' fees; and

(4) Grant such further relief as the Court deems just and proper.

**ESI'S DEMAND FOR JURY TRIAL**

ESI demands a trial by jury on all causes so triable.

Dated: April 21, 2025

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Joseph Duffy*

Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendants
Express Scripts Holding Co. and
Express Scripts, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 21, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Joseph Duffy*
Joseph Duffy